## H. GALLAND & CO. *v.* UNITED STATES (No. 3153)[1]

United States Court of Customs and Patent Appeals, April 2, 1929

*Marlow & Hines* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Philip Stein* and *Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument January 30, 1929, by Mr. Hines and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court denying a petition for remission of additional duties.

The merchandise consists of artificial silk velvets. It was imported during the months of May, June, July, August, September, and October, 1926. It was entered at the port of New York at prices ranging from 60 francs per meter to 75 francs per meter less 20 per centum and 2 per centum. Some was appraised at $2.50 per meter less 2 per centum, and the other at $2.50 per meter less 2 per centum and 1 per centum. The number of entries involved is 11. The importer appealed to reappraisement.

The final appraised value—$2.20 per meter—was in accordance with a stipulation entered into by counsel for the parties, and, as it was higher than the entered value, the merchandise was assessed with additional duties in accordance with section 489 of the Tariff Act of 1922. Thereafter a petition for remission of such additional duties was filed by the importer in accordance with the provisions of section 489.

SEC. 489. ADDITIONAL DUTIES.—If the final appraised value of any article of imported merchandise which is subject to an ad valorem rate of duty or to a

---

[1] T. D. 43337.

duty based upon or regulated in any manner by the value thereof shall exceed the entered value, there shall be levied, collected, and paid, in addition to the duties imposed by law on such merchandise, an additional duty of 1 per centum of the total final appraised value thereof for each 1 per centum that such final appraised value exceeds the value declared in the entry. Such additional duty shall apply only to the particular article or articles in each invoice that are so advanced in value upon final appraisement and shall not be imposed upon any article upon which the amount of duty imposed by law on account of the final appraised value does not exceed the amount of duty that would be imposed if the final appraised value did not exceed the entered value, and shall be limited to 75 per centum of the final appraised value of such article or articles. Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.   *   *   *

It appears from the record that the merchandise was consigned to the importer, H. Galland & Co.; that the consignee had no knowledge whatever of the market value of the merchandise; that an investigation was made by an assistant customs representative for the purpose of ascertaining the dutiable value of the merchandise; and that the shipper made the following statement to the customs representative:

I must acknowledge that this quality which was invoiced in consular invoices 2882 and 3036 at Fcs. 60 per meter less 20 & 2%, was incorrectly declared. The price is Fcs. 60 but the discount really allowed is 2% only. This is a clerical error, due to the fact that we buy sometimes net with 2% and sometimes less 20 & 2%. This error has been made since we began to ship this quality, and as your investigation enabled me to find said error, I have given instructions to have future invoices made with 2% discount only, which is the correct price paid for this quality.

Statements of the manufacturer of the merchandise, relative to market values in France, are contained in the record. However, as we do not deem them of great importance, they need not be set out here.

The court below, in an opinion by McClelland, Justice (Brown, Justice, dissenting), held that the importer had failed to establish by satisfactory evidence that the entry of the merchandise at values less than the final appraised values was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts or to deceive the appraiser. The court quoted the statement of the shipper that the deduction of 20 per centum from the unit prices was due to a clerical error, and, with reference thereto, said:

Comment on this statement seems unnecessary, since it would appear to be hardly credible that such an error could have been repeated without detection in so many invoices and covering so long a period.

We have many times held that, in order to secure remission of additional duties imposed for undervaluation of imported merchandise, it is incumbent upon a petitioner to establish by satisfactory evidence that he was acting in absolute good faith and making a full and candid disclosure of all the material facts in his possession at the time the entry was made.

Here the appellant was acting as the consignee or agent of the shipper of the merchandise. Appellant had no information as to the dutiable values, and he made no effort to secure any. The shipper, however, had, or with the exercise of ordinary care could have had, full and complete information of the value of his merchandise. Nevertheless, the invoices and entries contained admittedly unwarranted discounts of 20 per centum from the declared unit prices. In explanation, the shipper stated that the errors were inadvertently made. Due to the fact that they occurred in each of the many invoices, and in each of the 10 separate entries made during the months of May, June, July, August, September, and October, and ceased only when the attention of the shipper was called to the undervaluation by the United States customs representative, the court below considered the explanation unsatisfactory and denied the petition for remission.

It is contended by counsel for appellant that the decision of the court below is contrary to the weight of the evidence. We are not of this opinion.

We think the court below was fully warranted in reaching the conclusion stated in its opinion. Furthermore, it may be observed that the undervaluation was in excess of the admittedly unwarranted deduction. Had the shipper given the matter the same care and consideration prior to notice of undervaluation, as that given thereafter, it is fair to assume that there would have been no undervaluation. Nor are we impressed with the argument that appellant is entitled to great consideration because the appraiser did not know the correct values of the merchandise. Had the appraiser accepted the statements contained in the invoices and entries, he would have been deceived, and, as a consequence, the customs revenue would have been defrauded. Instead of being subject to criticism, the appraiser is entitled to commendation for the exercise of alertness and diligence commensurate with the responsibilities of his office.

The judgment is *affirmed.*